IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 21-403<br>[UNDER SEAL] |
| JOHN REED PIRAIN<br>RENEE VASILKO | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Benjamin J. Risacher, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT(S) |
|---|---|---|---|
| 1 | Conspiracy to Defraud the United States<br>From in and around February 2018 to in and around March 2019 | 18 U.S.C. § 371 | PIRAIN<br>VASILKO |
| 2 | False Statements<br>On or about February 23, 2018 | 18 U.S.C. § 1001(a)(3) | VASILKO |
| 3 | False Statements<br>On or about February 22, 2018 | 18 U.S.C. § 1001(a)(3) | PIRAIN |

## II. ELEMENTS OF THE OFFENSES

**As to Count 1:**

In order for the crime of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed "to defraud the United States," as charged in the Indictment. "Defraud the United States" means to cheat the United States government or any of its agencies out of money or property. It also means to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objective to defraud the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the objective to defraud the United States; and,

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371B.

**As to Counts 2 and 3:**

In order for the crime of False Statements, in violation of 18 U.S.C. § 1001(a)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant used a writing or document.

United States v. Waters, 457 F.2d 805 (3d Cir. 1972); United States v. London, 550 F.2d 206 (5th Cir. 1976); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶36.01 (1989).

2. That the writing or document contained a false or fictitious statement or entry.

United States v. Milton, 602 F.2d 231 (9th Cir. 1979); Paternostro v. United States, 311 F.2d 298 (5th Cir. 1962); Morgan v. United States, 309 F.2d 234 (D.C. Cir. 1962); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶ 36.01 (1989).

3. That the statement or entry was material.

United States v. Gerber, 760 F.2d 68 (3d Cir.), cert. denied, 474 U.S. 988 (1985); United States v. Hansen, 772 F.2d 940 (D.C. Cir. 1985), cert. denied, 106 S. Ct. 1262 (1986); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶ 36.01 (1989).

4. That the defendant knew that the writing or document contained a false or fictitious or fraudulent statement or entry, and knowingly and willfully used the writing or document.

United States v. Miller, 658 F.2d 235 (4th Cir. 1981); United States v. Mekjian, 505 F.2d 1320 (5th Cir. 1975); United States v. West, 666 F.2d 16 (2d Cir. 1981); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶ 36.01 (1989).

5. That the document or writing was used in a matter within the jurisdiction of the executive, legislative or judicial branch of the Government of the United States.

United States v. Miller, 658 F.2d 235 (4th Cir. 1981); United States v. West, 666 F.2d 16 (2d Cir. 1981); United States v. Mekjian, 505 F.2d 1320 (5th Cir. 1975); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶ 36.01 (1989).

## III. PENALTIES

**As to Counts 1 through 3: Conspiracy to Defraud the United States (18 U.S.C. § 371) and False Statements (18 U.S.C. § 1001(a)(3)):**

1. A term of imprisonment of not more than five (5) years;

2. A fine not more than the greater of: $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. §§ 3571(b)(3) and (d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution is not applicable in this case.

## VI. FORFEITURE

Forfeiture is not applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney


*/s/ Benjamin J. Risacher*
BENJAMIN J. RISACHER
Assistant U.S. Attorney
PA ID No. 318436